**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000057
24-JUN-2024
07:55 AM
Dkt. 101 SO**

NO. CAAP-19-0000057

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


CAROL A. ADELKOFF, Appellant-Appellant, v.
BOARD OF APPEALS OF THE COUNTY OF HAWAIʻI;
CATHY LEWIS, in her capacity as CHAIRPERSON
OF THE BOARD OF APPEALS OF THE COUNTY OF HAWAIʻI;
ZENDO KERN, in his capacity as the PLANNING DIRECTOR
OF THE PLANNING DEPARTMENT OF THE COUNTY OF HAWAIʻI;[1]
DOUGLAS W. DICK as Trustee of the REVOCABLE TRUST OF
DOUGLAS W. DICK; RUTH S. DICK as Trustee of the REVOCABLE
TRUST OF RUTH S. DICK, Appellees-Appellees_


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC181000078)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and Nakasone, JJ.)

Appellant-Appellant Carol A. Adelkoff (**Adelkoff**)

appeals from the January 18, 2019 Final Judgment of Dismissal

(**Judgment**) entered by the Circuit Court of the Third Circuit

(**Circuit Court**).[2]  Adelkoff also challenges the Circuit Court's

---

[1]     Pursuant to Hawaiʻi Rules of Evidence Rule 201 and Hawaiʻi Rules of Appellate Procedure Rule 43(c)(1), we take judicial notice that (1) Cathy Lewis is the current Chairperson of the Board of Appeals of the County of Hawaiʻi, in place of Arne Werchick and (2) Zendo Kern is the current Planning Director of the Planning Department of the County of Hawaiʻi in place of Michael Yee.

[2]     The Honorable Robert D.S. Kim presided.

December 26, 2018 Findings of Fact, Conclusions of Law, and Decision and Order (**FOFs/COLs/Order**).[3]

Adelkoff raises four points of error on appeal, contending that the Circuit Court erred by affirming (the affirmation of) the approval by Defendant-Appellee the Planning Director of the Planning Department of the County of Hawaiʻi (**Director**) of the subdivision application (**Subdivision Approval**) of Appellees-Appellees Douglas W. Dick, as Trustee of the Revocable Trust of Douglas W. Dick, and Ruth S. Dick, as Trustee of the Revocable Trust of Ruth S. Dick (the **Dicks**), and a related Revised Final Plat Map (**RFPM**) because:  (1) the RFPM did not comply with the mandatory drainage and flooding mitigation provisions of the County of Hawaiʻi subdivision code, and even if the code provisions were discretionary, the Director made no written waiver and acted in an arbitrary and capricious manner; (2) even if the subdivision code provisions were discretionary, not mandatory, the County of Hawaiʻi Planning Department (**Planning Department**) failed to investigate the flooding conditions on Adelkoff's abutting property prior to the Subdivision Approval, which was arbitrary and capricious; (3) the RFPM incorrectly shows direct vehicular access from Māmalahoa Highway onto subdivided Lot D-1 across Adelkoff's driveway in violation of Ordinance No. 13-102 and the subdivision code; and

---

[3]     In the FOFs/COLs/Order and Judgment, the Circuit Court affirmed the May 29, 2018 Finding of Fact, Conclusion of Law and Decision and Order entered by the Hawaiʻi County Board of Appeals (**Board of Appeals**) that conducted a contested case on a petition filed by Adelkoff appealing the May 2, 2017 issuance of final subdivision approval for a two-lot subdivision of real property in Waimea, Hawaiʻi.

(4) the Planning Department improperly delegated its investigation into Adelkoff's flooding concerns.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Adelkoff's points of error as follows:

(1 & 2) Adelkoff argues that before a property owner can obtain approval of a requested subdivision, the Director *must* comply with, *inter alia*, Hawai'i County Code (**HCC**) §§ 23-64 (2016), 23-66 (2016), 23-92 (2016),[4] and the Director failed to

---

[4] The HCC was mostly republished in October 2016, but some ordinances have been amended intermittently. The sections cited above are as follows (with emphasis added):

> **Section 23-64. Existing conditions shown on preliminary plat.**
> The preliminary plat shall include the following information on existing conditions, unless waived or deferred by the director:
> (1) Location, width and names of all existing or platted streets within or adjacent to the tract, together with easements, other rights-of-way, and other important features, such as corners, property boundary lines, and control of access lines adjacent to State highways;
> (2) When required by the director, contours at vertical intervals of five feet where the slope is greater than ten percent. Elevations shall be marked on the contours based on an established bench mark or other datum approved by the director of public works. In addition, the contours as may be required by the manager, State department of health, and director of public works shall be shown;
> (3) The location and direction of all water courses and approximate location of areas subject to inundation or storm water overflow;
> (4) Existing uses of property, including but not limited to, location of all existing structures, wells, cisterns, private sewage disposal systems, and utilities; and
> (5) Zoning on and adjacent to the tract, provided that if the information required by subsection (3) is not shown, it shall be made a condition of tentative approval, and tentative approval shall also require drainage improvements pursuant to section 23-92 or their equivalent.

(continued...)

do so here.  Adelkoff submits that, pursuant to <u>Leslie v. Bd. of Appeals</u>, 109 Hawaiʻi 384, 126 P.3d 1071 (2006), the Director did

---

[4](...continued)

**Section 23-66.  Explanatory information on preliminary plat.**
Unless waived or deferred by the director, the preliminary plat shall include the explanatory information listed in this section.  If such information cannot be shown practically on the preliminary plat, it shall be submitted in separate statements accompanying the preliminary plat:
    (1)  A vicinity map at a small scale, showing existing subdivided land ownerships adjacent to the proposed subdivision, and showing how proposed streets may be extended to connect with existing streets;
    (2)  Proposed deed restrictions in outline form if any;
    (3)  Statement regarding water system to be installed, including source, quality and quantity of water;
    (4)  Provisions for sewage disposal, conceptual drainage and flood control which are proposed.  The drainage map shall include the approximate location of areas subject to inundation or storm water overflow and all areas covered by waterways, including ditches, gullies, streams and drainage courses within or abutting the subdivision; and
    (5)  Parcels of land proposed to be dedicated to public use, and the conditions of such dedication, provided that if the information required in subsections (3) and (4) is not shown, water supply, sewage disposal, and drainage shall be determined by conditions of tentative approval.

**Section 23-92.  Drainage, flood, and erosion mitigation measures.**
(a)  The subdivider shall construct a storm water disposal system to contain runoff caused by the subdivision improvements within the boundaries of the subdivision, up to the expected one-hour, ten year storm event, as shown in Plate 1 of the Department of Public Works "Storm Drainage Standards", dated October 1970, or any approved revisions, unless those standards specify a greater recurrence interval, in which case, the greater interval shall be used.  The amount of expected runoff shall be calculated according to the Department of Public Works "Storm Drainage Standards", dated October 1970, or any approved revisions thereto, or by any nationally-recognized method meeting with the approval of the director of public works.  Runoff calculations shall include the effects of all required subdivision improvements, and lot improvements that may be allowed by existing zoning.
(b)  Storm water shall be disposed into drywells, infiltration basins, or other infiltration methods.  The subdivision shall not alter the general drainage pattern above or below the subdivision.
(c)  Subdivider shall also comply with the requirements of chapter 27, Hawaiʻi County Code.

not have authority to ignore the mandatory requirements of the HCC and did not have discretion to approve the Dicks' subdivision application without strict compliance with the requirements.

In <u>Leslie</u>, the supreme court held that HCC §§ 23-63 (1975), 23-64 (1975), 23-65 (1975), and 23-66 (1975) were mandatory and not discretionary because they contained the term "shall." 109 Hawaiʻi at 393-94, 126 P.3d at 1080-81. As a result, the Director "lacked discretion to accept a subdivision application without strict compliance with the code requirements." <u>Id.</u> at 394, 126 P.3d at 1081 (internal quotation marks omitted). The supreme court applied a three-prong test used when determining whether "shall" can be interpreted as directory, and concluded that it was not met, under the circumstances of that case, nor in the context of the 1975 versions of HCC §§ 23-63, 23-64, 23-65, and 23-66. <u>Leslie</u>, 109 Hawaiʻi at 394-95, 126 P.3d at 1081-82.

However, the HCC was amended in 2006 shortly after <u>Leslie</u> was decided. In relevant part, HCC §§ 23-62 through 23-78 were amended in 2006 by Ordinance No. 06-104 (Bill No. 246) (approved July 3, 2006). The amendments arose as a result of <u>Leslie</u> because the case "invalidate[d] [the] practices that the [Department] ha[d] followed for at least thirty years, and force[d] the County to adopt changes in the subdivision code, or risk invalidating hundreds of past and pending subdivision applications." <u>Id.</u> at 1.

The County of Hawaiʻi noted that <u>Leslie</u> created an issue because there were "several hundred" pending subdivision

5

applications that did not conform to the "strict letter of the Code in all respects." Id. at 2. "Most of the tentative and final subdivision approvals given by the [Department] for several decades are based upon applications that have some defects according to [Leslie]." Id. As a result, the County amended Chapter 23 to, in part, "eliminate some requirements and standards that have not generally been followed." Id. Part of these amendments included the addition of the language "unless waived or deferred by the director", to HCC §§ 23-64 and 23-66. Id. at 6-7. In amending its subdivision code, Hawaiʻi County conferred discretion to the Director to determine whether to strictly enforce the provisions of HCC §§ 23-64 and 23-66, rejecting the mandatory interpretation set forth in Leslie. Thus, Adelkoff's argument based on Leslie is without merit.

Adelkoff further argues that even if compliance with these sections was not mandatory, it was an abuse of discretion for the Director to issue the Subdivision Approval without the specified drainage and flooding mitigation information. Adelkoff asserts that the Preliminary Plat Map did not include "[t]he location and direction of all water courses and approximate location of areas subject to inundation or storm water overflow" in violation of HCC § 23-64(3); the Dicks did not submit a drainage map depicting the "approximate location of areas subject to inundation or storm water overflow and all areas covered by waterways, including ditches, gullies, streams and drainage courses within or abutting the subdivision, including [Lot C];" nor did the Director require provisions for "conceptual drainage"

or "flood control" for the proposed subdivision, allegedly in violation of HCC § 23-66(4).  Finally, Adelkoff claims that the record does not reflect that the Director formally waived the requirements of HCC §§ 23-64(3) or 23-66(4).

However, Adelkoff did not challenge any specific FOFs in making these arguments here or in the Circuit Court. Unchallenged FOFs are binding on appeal.  See, e.g., Pilaʻa 400, LLC v. Bd. of Land and Nat. Res., 132 Hawaiʻi 247, 268, 320 P.3d 912, 933 (2014).  The Circuit Court found that Adelkoff's exhibits presented at the March 8, 2018 hearing demonstrated that the water "flooding" Adelkoff's property flowed from east to west, not from the north (i.e., not from the Dicks' Lot).  In mixed findings and conclusions, the Circuit Court concluded that HCC § 23-64(3) did not apply to the Subdivision Application because there were no watercourses or areas "subject to inundation or storm water overflow" on Lot D (the Dicks' Lot). The Circuit Court similarly concluded that HCC § 23-66 also did not apply because there were no areas of inundation on Lot D and the Dicks did not propose, nor did the Director require, drainage improvements.  The Circuit Court's numerous, detailed, and unchallenged FOFs concerning the flooding and drainage issues raised by Adelkoff are supported by substantial evidence adduced at the contested case hearing before the Board of Appeals and are not clearly erroneous.  We further conclude that the Circuit Court did not err in concluding that the Director did not abuse his discretion in issuing the Subdivision Approval based on the

alleged flooding and drainage issues, and the Circuit Court did not err in denying Adelkoff's appeal on those grounds.

Adelkoff also argues that the Subdivision Approval violated HCC § 23-92(a) and (b) because the Director failed to require, and the Dicks failed to prepare, water disposal systems and calculations, and the Director could not have waived or deferred the above-stated HCC provisions because they are mandatory conditions.  The Circuit Court found and concluded, *inter alia*, that the Dicks were not required to provide runoff calculations because they did not propose improvements, nor were improvements required (except for a separate meter), Lot D did not have drainage issues, and "there was no storm water to dispose of in this subdivision."  Upon review, the Circuit Court's findings (and the Board of Appeals' findings) were supported by substantial evidence in the record and were not clearly erroneous.

For these reasons, we conclude that no relief is warranted based on Adelkoff's first two points of error.

(3)  Adelkoff argues that the Director did not have the authority to issue the Subdivision Approval because the RFPM failed to comply with two restrictions, Condition F of Ordinance No. 13-102 (**Condition F**) and HCC §§ 23-34 and 23-53 (2016).

It is undisputed that Condition F limited "direct" vehicular access to Māmalahoa Highway from Lot D (and later Lots D-1 and D-2) to the ʻohana driveway.  In other words, the Dicks could not construct (for example) additional driveway access to the highway from their property.  However, as stated in the

Circuit Court's FOFs, which are supported by substantial evidence in the record, Condition F did not prohibit the Dicks from the continued use of the Easement over Adelkoff's property.  The Circuit Court found that the Easement, which ran along the "side" (or flag pole) of both Lots D-1 and D-2, was considered indirect access between Lots D-1 and D-2 and Māmalahoa Highway.  Adelkoff fails to point to evidence in the record or legal authority for her contention that the subdivision of Lot D extinguishes the Easement.  We conclude that the Circuit Court did not err in concluding that the Subdivision Approval did not violate Condition F.

Adelkoff also argues that the Subdivision Approval violates HCC § 23-34 (2016) and 23-53, which provide:

> **Section 23-34.    Access to lot from street**.
> Each subdivided lot shall abut upon a public street or approved private street.  No lot shall be platted without access on a street.  The director may indicate the side or sides of any lot from which driveway access shall be permitted or prohibited.
>
> **Section 23-53.    Private streets**.
> No private street or alley shall be approved unless they are improved as specified under article 6, division 2 of this chapter.

Here, the Circuit Court found, *inter alia*, that both Lots D-1 and D-2 had existing access to a street (Māmalahoa Highway) over the Easement, which is not a street.  The Circuit Court's FOFs relevant to this point of error are well supported by substantial evidence in the record and not clearly erroneous. We conclude that Adelkoff's arguments are without merit.

(4)  Adelkoff argues that the Planning Department unlawfully delegated its responsibilities to the Dicks' representative, Sidney Fuke (**Fuke**), to review and investigate the

Subdivision Application rather than doing its own review and investigation in violation of the HCC and <u>Kahana Sunset Owners Ass'n v. Cty. of Maui</u>, 86 Hawaiʻi 66, 75, 947 P.2d 378, 387 (1997). Adelkoff points to two pages of email communications in the record between Fuke and the Planning Department, starting with Fuke's inquiring if the department could move forward, in part due to Douglas Dick's battle with cancer and desire to "tidy up his estate." The email communications end with the Planning Department correspondent telling Fuke who will be "working on this." As stated in the FOFs/COLs/Order, Adelkoff failed to demonstrate that the Director improperly delegated decision-making authority or investigative or any other duties to the Dicks' representative. Adelkoff has not challenged COL 88, which states: "Both [Department of Public Works] and the Planning Department independently investigated and reviewed relevant information presented by [Adelkoff] as well as the Dicks and their representative." We conclude that this point of error is without merit.

For these reasons, the Circuit Court's January 18, 2019 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, June 24, 2024.

On the briefs:

Bruce D. Voss,
David A. Imanaka,
(Bays Lung Rose & Holma),
for Plaintiff-Appellant.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

D. Kaena Horowitz,
Deputy Corporation Counsel,
County of Hawaiʻi,
for Defendants-Appellees
 Board of Appeals of the County
 of Hawaiʻi, Arne Werchick, in his
 capacity as Chairperson of the
 Board of Appeals of the County of
 Hawaiʻi, Michael Yee, in his capacity
 as the Planning Director of the
 Planning Department of the County of
 Hawaiʻi.

Thomas L.H. Yeh,
 Of Counsel,
Jill D. Raznov,
(Law Offices of Yeh & Moore),
for Defendants-Appellees
 Douglas W. Dick, as Trustee
 of the Revocable Trust of
 Douglas W. Dick, and Ruth S.
 Dick, as Trustee of the
 Revocable Trust of Ruth S. Dick.

_____

*NO. CAAP-19-0000057, IN THE INTERMEDIATE COURT OF APPEALS OF THE STATE OF HAWAIʻI, ADELKOFF v. BOARD OF APPEALS OF THE COUNTY OF HAWAIʻI, et al.; SUMMARY DISPOSITION ORDER*

_____